## Sandford v. Koch et al.

Nov. 19, 1943.

Jean E. Sandford, pro se.

Harry Luedeke for appellees.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Affirming.

330

This suit was instituted by appellant in the Campbell circuit court, seeking by the prayer of her petition to be adjudged the fee-simple owner of a certain strip of land, described as being 3 feet 5 7/8 inches in width and 120 feet in length, part of a 10 foot roadway extending eastwardly from Taylor Ave., across lot 9 of the Scherrer subdivision to the city of Ft. Thomas, Ky., to the adjoining property of appellant lying 120 feet east of said avenue.

Upon a hearing of the cause, the defendants, here appellees, filed a general and special demurrer to the petition and same as amended. The court sustained these demurrers and dismissed Miss Sandford's action.

Questioning the propriety of that judgment, she appeals, seeking its reversal.

The factual background out of which this suit arises, which we deem should be here given for a proper understanding of the questions presented by this appeal, is clearly stated and portrayed in the opinion rendered upon the first appeal of this case, entitled Sheppard et al. v. Koch et al., 234 Ky. 1, 27 S. W. (2d) 389, to which reference is here made.

These facts, as disclosed by the record and embraced in the case referred to, are briefly as follows:

In the spring of 1925, Mrs. Sheppard, the appellant in the case referred to, having bought a certain property of the Scherrer estate, described as lots 7, 8, 9 and 10 of its subdivision to the city of Ft. Thomas, Ky., contracted with the appellant, Miss Jean Sandford, a real estate dealer, to sell the west 120 foot portion of these four lots, lying east of Taylor Ave. and having a frontage thereon of 210 feet.

She thereupon secured Reuben C. Koch, one of the appellees here, as a purchaser and entered into a contract with him wherein it was agreed she was to sell him this west 120 foot portion of the named lots fronting on Taylor Ave., reserving and excepting from the sale a 10 foot right of way extending from Taylor Ave. eastwardly, across lot 9, 120 feet to the eastern portion of the four lots which she retained.

As to this, Miss Sandford testifies that she, when proposing to sell Koch the west 120 foot portion of these lots, accompanied her written offer made him

with a sketch, showing the exact location and part of these lots she proposed to sell him, same being as designated in plat 3 given in the Sheppard case, supra, which also showed that the offered 210 foot frontage on Taylor Ave. could be redivided into three lots 40 feet wide by 120 feet deep, lying south of the reserved 10 foot right of way, and two lots, each 45 feet wide by 120 feet deep, lying north of the said right of way, which was to be reserved as a passway for the use and benefit of Mrs. Sheppard, her grantees and occupants of the east portion of the lots.

On March 17, 1925, Koch signed and gave to the appellant, Miss Sandford, his agreement accepting her offer made him, the pertinent part of which is: "I, Reuben C. Koch, hereby agree to purchase a certain part of the ·Scherrer property, said part to be purchased by myself to be located on the east side of Taylor Ave., Ft. Thomas and to have a frontage on said street of two hundred and ten feet and to extend one hundred and twenty feet in depth, same to be as per sketch below."

This sketch referred to, however, does not appear in the record.

In due season a deed was directed to be drawn by Mrs. Sheppard in accordance with the terms of the parties' agreement of sale, which she and her husband executed to Koch, the pertinent part of the description of the property therein given being as follows: .

"Subject to the change made in the street line at the northwesterly corner of said Lot No. 10, the real estate hereby conveyed fronts 221.05 feet more or less, on the easterly line of Taylor Avenue, and extends back eastwardly 120 feet between the southerly line of said Lot No. 7 and the southerly line of Taylor Avenue * * *.

"Said real estate is conveyed to said grantee, however, subject to a perpetual easement hereby retained by said grantors for the advantage, benefit and convenience of the owners, and occupants of the dwelling house on that part of said Lots No. 7, 8, 9 and 10 not conveyed to said grantee.

"Said easement is for ingress and egress from said dwelling house over and upon a driveway or road ten (10) feet in width extending from the easterly line of Taylor Ave., over said Lot No. Nine (9) to the rear

line of the real estate conveyed to said grantee by this Deed.''

Following the conveyance of this property (which was mistakenly described by the scrivener as having not a 210 foot frontage on Taylor Ave., as contracted for, but Mrs. Sheppard's entire frontage thereon of 221 feet) to Reuben C. Koch, he and his wife, Bessie Koch, sold and conveyed to one Clarence W. Schwertman the lower of the two lots fronting on Taylor Ave., lying above and next to the reserved 10 foot right of way, expressly subjecting the lower or south 5 foot by 120 foot part of the lot conveyed to the 10 foot roadway easement.

This deed, conveying the lot to Schwertman as subject to an easement of passway reserved in favor of Mrs. Sheppard, was executed to him before he had any information that Mrs. Sheppard had, in executing her deed to Koch, his grantor, through error of the scrivener in drawing the deed, made the mistake of reciting as conveyed some 10 or 11 feet more frontage than was contracted for by Koch; before any suit was instituted by her against Koch for reformation of the deed, conforming it to the parties' agreement, and before he was advised that such claim was made or that suit would be instituted by her for reformation, with the result that he was an innocent purchaser for value of the lot, his title thereto being subject only to the easement stated. He in turn conveyed the said lot as subject to the easement recited in his deed to one Hazel Nesbit, which was followed by further conveyances by and between the successive grantees, until same was finally conveyed on March 28, 1942, by the appellees, Reuben C. Koch and wife and Charles Koch to Benjamin Lauterbach and wife, named as defendants, subject to the same easement of way imposed on the property when originally conveyed by Koch to Schwertman.

It further appears that following the conveyance of this property by Koch to Schwertman, subject to the easement stated, he employed Koch to build him a residence on the lot, upon which he so negligently located and constructed it beyond the lot's south boundary line as to encroach upon the right of way some 18⅛ inches, thereby reducing its width from 10 feet to 8 feet 5⅞ inches.

Further it is shown that on August 27, 1928, Mrs. Sheppard and husband executed a deed to the appellant, Jean Sandford, whereby they conveyed her that portion of the four lots described as lying east of and adjoining the 120 foot west portion of the lots conveyed Koch, in their deed reciting that the conveyance thereby made her was subject to a perpetual easement in that part of said lot 9 specified, further stating that said easement was made for the advantage and convenience of the owners and occupants of the dwelling house on the main property lying east of the property previously conveyed Koch.

Previous to these later sales and grants made of the property described and subjected to the easement of way, Mrs. Sheppard in ——, 1930, upon discovering that the deed she had executed to Koch was, as stated supra, mistakenly drawn by the scrivener as conveying Koch the entire 221 foot frontage of said lots on Taylor Ave., whereas by the terms of the agreement made and entered into by and between her and Koch it was provided that only 210 feet of the 221 foot frontage was to be sold and conveyed him, brought action against Koch in the Campbell circuit court, seeking a reformation of the deed so as to conform it to the parties' intention and agreement.

Upon a hearing of the cause in the lower court, it entered a judgment in favor of Koch.

Upon appeal from that judgment, this court in Sheppard et al. v. Koch et al., supra, held that a mutual mistake had been made in the drawing of the deed and directed that Koch and wife convey to Lona Sheppard a fee-simple title to a certain strip of land (or part of the roadway) 6 feet 6⅛ inches in width by 120 feet in depth, which, together with the 3 feet 5⅞ inches here involved, gave Mrs. Sheppard the 10 foot right of way which she had reserved and excepted from the land earlier sold Koch.

Mrs. Sheppard thereupon conveyed such 6 foot 6⅛ inch portion of the right of way to the appellant, the title to which is not here involved.

However, as to the upper 3 foot 5⅞ inch part of the right of way, subject to which the lot was sold Schwertman, an innocent purchaser for value, by Koch, this court did not and could not properly require him (an

innocent purchaser for value), as it did Koch (who knew of the mistake made in his deed) to reconvey it free from the easement imposed thereon, nor do we find that Mrs. Sheppard ever undertook to convey an absolute title to this portion of the easement of way to the appellant as she did to the lower 6 foot 6⅛ inch part thereof.

Such being our finding of fact, as disclosed by the record, we are unable to agree with appellant that she should be adjudged the fee-simple owner, rather than the owner of only an easement in said part of the right of way here sued for, inasmuch as we find no deed in the record wherein she was conveyed an absolute title to this strip of land here in controversy.

Therefore, it is our conclusion that the judgment of the trial court in sustaining the appellees' general demurrer to the petition, on the ground that the proof was insufficient to sustain its allegation that appellant had acquired an absolute title to the part of the right of way here involved, was altogether proper, as was also its further ruling sustaining the special demurrer of the appellees, who by appellants's amended petition were made new parties defendant to this proceeding without, as it appears, ever having any summons issued or served upon them, bringing them before the court.

From this it follows that the judgment of the lower court, sustaining the demurrers and dismissing the petition, should be and it is affirmed.